**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:22-CR-00128-JDK-JDL-4** |
| **v.** | § | |
| | § | |
| | § | |
| **GINA DENISE CRENSHAW,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 10, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Gina Denise Crenshaw. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Less than 50 Grams of a Mixture Containing Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. On September 27, 2023, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 57 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for the purpose of monitoring employment, substance abuse testing and treatment, obtaining a high school equivalency certificate, and payment of a $100.00 special assessment fee. This sentence was to run consecutively with any sentence imposed in Docket No. 232,810 pending in Bossier Parish,

1

Louisiana. On October 17, 2025, Defendant's conditions of supervised release were modified to include a 180-day placement in the Residential Reentry Center in a pre-release component or until an approved residence had been obtained. On October 28, 2025, Defendant completed her period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division. On October 31, 2025, Defendant's conditions of supervised release were modified to include participation in mental health treatment.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated her conditions of supervised release on or about November 13, 2025; January 23, 2026; and February 19, 2026 when Defendant submitted urine samples that tested positive for methamphetamine and admitted to using methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of her supervised release by possessing methamphetamine, as evidenced by Defendant's positive drug tests and admissions, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade B violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of IV, the guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using a controlled substance, asserted as Allegation 1 in the

government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 12 months and 1 day followed by 12 months of supervised release.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that she be imprisoned for 12 months and 1 day followed by 12 months of supervised release. The court further **RECOMMENDS** that Defendant serve her sentence at FPC Bryan, TX, if available, and that she receive drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 14th day of April, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE